# EXHIBIT A



CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 1 4 2019

Sherri R. Carter, Executive Officer/Clerk of Court

By: Brigitte De La Rosa, Deputy

DAVID G. SPIVAK (SBN 179684)
david@spivaklaw.com
CAROLINE TAHMASSIAN (SBN 285680)
caroline@spivaklaw.com
THE SPIVAK LAW FIRM
16530 Ventura Blvd., Ste 203
Encino, CA 91436
Telephone    (818) 582-3086
Facsimile    (818) 582-2561

Attorneys for Plaintiff,
JENA N. TINCHER, and all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES
*(UNLIMITED JURISDICTION)*

| | |
|---|---|
| JENA N. TINCHER on behalf of herself, and all others similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved employees" under the Labor Code Private Attorneys General Act of 2004, <br><br> *Plaintiff(s),* <br><br> vs. <br><br> HURLEY INTERNATIONAL., LLC, an Oregon limited liability company; NIKE, INC., and Oregon corporation; and DOES 1 through 50, inclusive, <br><br> *Defendant(s).* | Case No.: **19STCV08627** <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR:** <br> 1. Failure to Pay All Wages Earned for All Hours Worked (Lab. Code §§ 510, 1194, 1197, and 1198); <br> 2. Failure to Provide Rest Breaks (Lab. Code §§ 226.7 and 1198); <br> 3. Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512 and 1198); <br> 4. Failure to Provide Accurate Wage Statements (Wage Statement Penalties) (Lab. Code § 226); <br> 5. Failure to Timely Pay Wages Upon Termination (Waiting Time Penalties) (Lab. Code §§ 201, 202, 203); <br> 6. Unfair Competition (Bus. & Prof. Code §§ 17200, *et seq.*); and <br> 7. Civil Penalties under the Labor Code Private Attorneys General Act (Lab. Code §§ 2698, *et seq.* <br><br> **JURY TRIAL DEMANDED** |



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Bl. Sto 312
Encino CA 91436
(818) 582-3066 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Tincher v. Hurley International, LLC, et al.*                    Class Action Complaint

## ADDITIONAL ATTORNEY FOR PLAINTIFF

WALTER HAINES (SBN 71075)
whaines@uelglaw.com
UNITED EMPLOYEES LAW GROUP
5500 Bolsa Ave., Suite 201
Huntington Beach, CA 92649
Telephone:     (562) 256-1047
Facsimile:      (562) 256-1006

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Bl. Ste 312
Encino CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

2

*Tincher v. Hurley International, LLC, et al.*                    Class Action Complaint

Plaintiff JENA N. TINCHER (hereafter "Plaintiff"), on behalf of herself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class action based on alleged violations of the California Labor Code, Industrial Welfare Commission Order No. 7-2001 (hereafter "the Wage Order") and the Business and Professions Code against defendants HURLEY INTERNATIONAL, LLC, an Oregon limited liability company, NIKE, INC., an Oregon corporation, and DOES 1 through 10, inclusive (collectively "Defendants").

2. As set forth in more detail below, Plaintiff alleges that Defendants are liable to her and other similarly situated current and former employees in California for unpaid wages and other related relief. These claims are based on Defendants' alleged failures to (1) pay all wages for all hours worked, (2) provide all rest and meal periods, (3) fairly compete, (4) timely pay wages during employment, (5) timely pay wages upon termination, (6) provide accurate written wage statements, and (7) to maintain accurate employment records. Accordingly, Plaintiff now seeks to recover unpaid wages and related relief through this class action.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction because the aggregate claims of Plaintiff and Class Members, inclusive of all relief, place more than $25,000 in controversy.

4. This Court has jurisdiction over Plaintiff's and Class Members' claims for unpaid overtime wages under Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1174.5, 1194, 1197, 1198.

5. There is no basis for federal question subject matter jurisdiction in this case. Specifically, Plaintiff asserts claims on behalf of herself and Class Members that solely arise under California law, rather than federal law.

6. There is also no basis for federal diversity jurisdiction in this case.

7. This Court has jurisdiction over Plaintiff's and Class Members' claims for restitution arising from Defendants' unlawful business practices under Business & Professions Code §§ 17203 and 17204.

8. Plaintiff has exhausted administrative remedies, and this Court has jurisdiction over Plaintiff's and Class Members' claims for penalties for Defendants' Labor Code violations under Labor Code §§ 2699 and 2699.3.

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Bl. Ste 312
Encino CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

3

9. Venue is proper in Los Angeles County pursuant to California Code of Civil Procedure § 395(a) and § 395.5 in that liability arose in Los Angeles County because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or because each defendant is found, maintains offices, transacts business, and/or has an agent therein.

## PARTIES

10. Plaintiff JENA N. TINCHER is an individual and a resident of Cherry Valley, California.

11. Defendant HURLEY INTERNATIONAL, LLC, is an Oregon limited liability company doing business in the County of Los Angeles, State of California, and a citizen of California based on Plaintiff's information and belief.

12. Defendant NIKE, INC., is an Oregon corporation doing business in the County of Los Angeles, State of California and a citizen of California based on Plaintiff's information and belief

13. Plaintiff is ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein, of the defendants sued as DOES 1-50, inclusive, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names. Plaintiff will amend the complaint to allege the true names and capacities of the DOE defendants when ascertained.

14. Plaintiff is informed and believes and thereon alleges that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

15. At all relevant times, in perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted pursuant to and in furtherance of a policy, practice, or a lack of a practice which resulted in Defendants not paying Plaintiff and other members of the below-described class in accordance with applicable California labor laws as alleged herein.

16. Plaintiff is informed and believes and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Bl Ste 312
Encino CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

4

*Tincher v. Hurley International, LLC, et al.*                    Class Action Complaint

Defendants, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

## CLASS ACTION ALLEGATIONS

17.     This action has been brought and may be maintained as a class action pursuant to California Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable class defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

18.     **Class Definition:**     The class is defined as follows: All persons Defendants employed in California as hourly non-exempt retail store employees at all Hurley retail stores, including sales leads, and persons in other similar positions ("Class Members"), at any time during the period beginning four years prior to the filling of this action and ending on the date that final judgment is entered in this action.

19.     **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definition with greater specificity, by further division into subclasses and/or by limitation to particular issues.

20.     **Numerosity:** The Class Members are so numerous that the individual joinder of each individual Class Member is impractical. While Plaintiff does not currently know the exact number of Class Members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

21.     **Commonality and Predominance:** Common questions of law and fact exist as to all Class Members and predominate over any questions which affect only individual Class Members. These questions include, but are not limited to:

A.     Whether Defendants failed to provide Class Members with all rest periods as required by section 12 of the Wage Order;

B.     Whether Defendants failed to provide the Class Members with all meal periods as required by section 11 of the Wage Order;

C.     Whether Defendants failed to pay all wages earned to Class Members for all hours worked;

D.     Whether Defendants engaged in unfair competition within the meaning of Business and Professions Code §§ 17200, *et seq.*, with respect to Class Members;



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Bl. Ste 312
Encino CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

5

*Tincher v. Hurley International, LLC, et al.*                    Class Action Complaint

E. Whether Defendants knowingly and intentionally failed to provide Class Members with accurate written wage statements;

F. Whether Defendants failed to timely pay Class Members for wages earned during employment;

G. Whether Defendants violated California Labor Code §§ 201-203 by failing to pay Defendants all wages earned and due at the time of termination; and

H. Whether Defendants had a policy or practice of not paying meal and rest period premium wages for each day in which they failed to provide meal and rest periods;

I. Whether Defendants have knowingly and intentionally failed to provide Class Members with accurate and itemized wage statements pursuant to California Labor Code § 226 and IWC Wage Order No. 7;

J. Whether Defendants have violated California Labor Code §§ 201-203 by failing, upon termination, to timely pay Class Members wages that were due for overtime and missed meal periods;

K. Whether Defendants' failures (a) to pay minimum wage (b) to pay Class Members for all hours worked, (c) to pay Class Members overtime compensation, and (d) to provide Class Members with adequate off-duty meal periods and on duty meal period compensation, constitute unlawful, unfair, and/or fraudulent business practices under Cal. Business & Professions Code § 17200 et seq.

22. **Typicality:** Plaintiff's claims are typical of the other Class Members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy, practice or a lack of a policy which resulted in Defendants failing to comply with the California Labor Code and the Business and Professions Code as alleged herein.

23. **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that she has no interests that are adverse to, or otherwise in conflict with, the interests of absent Class Members. Plaintiff is dedicated to vigorously prosecuting this action on behalf of Class Members. Plaintiff will fairly and adequately represent and protect the interests of Class Members.

24. **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent Class Members, are experienced in wage and hour class action litigation and are dedicated to vigorously prosecuting this action on

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Bl. Ste 312
Encino CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

6

behalf of Plaintiff and absent Class Members.

25. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of Class Members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual Class Members are likely to be relatively small and would thus make it difficult, if not impossible, for individual Class Members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting Class Members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## STATEMENT OF FACTS

26. At all relevant times during the applicable limitations periods, Defendants employed Plaintiff and the Class Members as hourly sales associates, sales leads or other comparable positions to sell and/or make arrangements to sell goods.

27. Plaintiff commenced work with Defendants in July 2014 as a sales lead at Hurley's retail store located in Cabazon, California. During the applicable limitations periods, and in addition to working in Hurley's retail store located in Cabazon, Plaintiff worked in Hurley retail stores located in Los Angeles, Irvine and Costa Mesa, California.

28. At all relevant times, Defendants paid Plaintiff and the Class Members on a bi-weekly basis and at an hourly rate of pay.

29. At all relevant times, Defendants failed to provide Plaintiff and the Class Members adequate rest periods and compensation for missed rest periods in violation of California Labor Code §§ 226.7 and Wage Order No. 7.

30. Because the stores were often understaffed, Defendants failed to provide duty-free rest periods to Plaintiff and the other Class Members during most of their workdays. For example, Joan Alvarez, Manager at the Hurley retail store in Cabazon, California, told Plaintiff and other Class Members that Defendants could withhold rest breaks from employees. Defendants also failed to provide Class Members at other Hurley locations with duty-free rest periods.

31. Plaintiff and the other Class Members have had many workdays over five and ten hours long. Despite this, Defendants have failed to provide Plaintiff and the other Class Members



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Bl. Ste 312
Encino CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

*Tincher v. Hurley International, LLC, et al.*                    Class Action Complaint

all rest and/or meal periods, including, but not limited to, two uninterrupted, unrestricted 30-minute meal periods on workdays of over ten hours to begin before they worked in excess of five and ten hours, respectively.

32. Defendants also failed to provide Plaintiff and the other Class Members with a third rest period when they worked in excess of ten hours in a workday. Defendants compelled Plaintiff and the Class Members to work during their meal periods without pay. For example, Plaintiff and the Class Members often had to assist customers with returns during their meal periods. Moreover, managers failed to permit Plaintiff and the Class Members to leave the store during periods they were clocked out for meal periods.

33. Plaintiff and the Class Members incurred uncompensated regular time and overtime when Defendants failed to provide them with an uninterrupted 30-minute meal period, and Class Members worked through periods clocked out. At all relevant times, Defendants failed to pay all overtime compensation to Plaintiff and the Class Members for hours worked in excess of eight hours per day. Defendants also failed to pay all overtime compensation to Plaintiff and the other Class Members for hours worked in excess of 40 hours per week.

34. Plaintiff ceased employment on August 2, 2018.

35. At all relevant times, upon resignation or termination, Defendants failed to pay final wages in a timely manner. Defendants willfully failed and refused to pay timely compensation and wages, for among other things, unpaid overtime, unpaid premium wages, and unpaid meal periods.

36. Defendants failed to provide Plaintiff and the Class Members with an uninterrupted, off-duty meal period of at least 30 consecutive minutes in duration beginning before they had worked more than five hours for all shifts in excess of five hours as guaranteed by California Labor sections 226.7 and 512, and Wage Order 7.

37. Defendants failed to provide Plaintiff and the Class Members with a second uninterrupted 30-minute meal period when they worked in excess of 10 hours in a workday beginning within the first ten hours of work.

38. Defendants routinely denied Plaintiff and the other Class Members an uninterrupted timely second rest period. Defendants required Plaintiff and the other Class Members to work in excess of eight (8) hours in one workday and forty (40) hours in one workweek without compensating them for such time worked at the overtime rates required by

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura BL Ste 312
Encino CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

8

California law.

39. Defendants did not keep records of the hours worked by Plaintiff and other Class Members, nor did they provide these records to Plaintiff and other Class Members with itemized wage statements.

40. For the reasons stated herein, Plaintiff alleges the following violations of the California Labor Code and the Wage Order 7 on behalf of herself and the Class Members:

a) Defendants failed to provide Plaintiff and the Class Members with all rest breaks and meal periods;

b) Defendants failed to pay Plaintiff and the Class Members one hour's pay for each workday in which they failed to provide them with one or more rest breaks;

c) Defendants failed to pay Plaintiff and the Class Members one hour's pay for each workday in which they failed to provide them with one or more meal periods;

d) Defendants failed to pay Plaintiff and the Class Members minimum wages for all hours worked;

e) Defendants failed to pay Plaintiff and the Class Members overtime wages for all overtime hours worked;

f) Defendants failed to pay wages, including minimum wages, overtime wages, and meal and rest penalty wages upon their separation from employment; and

g) Defendants failed to provide Plaintiff and the Class Members with accurate wage statements.

<u>FIRST CAUSE OF ACTION</u>

FAILURE TO PAY EMPLOYEES ALL WAGES

FOR ALL HOURS WORKED

(Lab. Code §§ 510, 1194, 1197, and 1198)

(By Plaintiff and the Class against all Defendants)

41. Plaintiff incorporates all paragraphs of the Complaint as if fully alleged herein.

42. At all relevant times, Plaintiff and the Class Members have been employees of Defendants and entitled to the benefits and protections of the California Labor Code sections 510, 1194, 1197, and 1198 and the Wage Order.

43. Pursuant to Labor Code § 1197, "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees,

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Bl. Ste 312
Encino CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

9

and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity."

44.    Section 3 of the applicable Wage Order states:

(A) Daily Overtime - General Provisions

(1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek.

45.    Section 4(B) of Wage Order states:

Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise.

46.    In relevant part, Section 2(G) of the Wage Order states:

'Hours worked' means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

47.    In relevant part, California Labor Code § 1194 states:

(a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Bl. Ste 312
Encino CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

10

*Tincher v. Hurley International, LLC, et al.*                    Class Action Complaint

48. Labor Code section 510 states:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

49. Labor Code § 1198 makes it unlawful for an employer to employ an employee under conditions that violate the Wage Order.

50. Defendants are required to pay overtime compensation to all employees, unless they are made exempt from the overtime pay requirements by the Legislature or the IWC. Plaintiff and Class Members have not qualified for any exemption at any time relevant to this action. Therefore, Plaintiff and Class Members have at all times relevant to this action been entitled to be paid overtime compensation for all overtime hours worked.

51. During the Class Period, Plaintiff and the Class Members have worked in excess of eight (8) hours in a workday, twelve (12) hours in a workday, (40) hours in a workweek, and in excess of eight (8) hours on the seventh day of a workweek.

52. At all relevant times during the applicable limitations period, Defendants knowingly failed to compensate Plaintiff and the other Class Members for all hours worked, including, but not limited to overtime wages for all hours in excess of 40 in a week, all in excess of eight in a day and all for the 7th day worked in a workweek. Plaintiff and the other Class Members incurred uncompensated time at minimum wage or overtime wage rates when Defendants permitted them to work without pay during periods clocked out for meals.

53. Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to her and the Class Members with respect to working conditions and compensation arrangements.

54. Defendants compensated Plaintiff and the Class Members with an hourly rate of pay on a bi-weekly basis.

55. Defendants further deducted at least 30 minutes from Plaintiff and the Class

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Bl. Ste 312
Encino CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

11

Members' hours worked in a workday even if they could not take their duty-free meal periods. Defendants also failed to compensate Plaintiff and the Class Members for all hours worked at the correct rates of pay.

56. Further, Defendants failed to provide Plaintiff and the other Class Members with a third rest period when they worked in excess of ten hours in a workday, compelled Plaintiff and the Class Members to work during their meal periods without pay, and managers failed to permit Plaintiff and the Class Members to leave the store during periods they were clocked out for meal periods.

57. Plaintiff is informed and believes and thereon alleges that, at all relevant times, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants' failure to compensate the Class Members for all hours worked as required by California law, including, but not limited to overtime wages for all overtime hours they worked.

58. As a result of Defendants' unlawful conduct, Plaintiff and the other Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period.

59. Pursuant to Labor Code section 1194, Plaintiff, on behalf of herself and Class Members, seeks to recover unpaid wages, liquidated damages in amounts equal to the amounts of unpaid wages, interest thereon, and awards of reasonable costs and attorneys' fees, all in amounts subject to proof.

60. Additionally, with respect to this cause of action, on behalf of herself and the Class Members, Plaintiff prays for an award of reasonable costs and attorneys' fees, including interest thereon, as permitted by law, all in amounts subject to proof.

**SECOND CAUSE OF ACTION**

**FAILURE TO PROVIDE REST BREAKS**

**(Lab. Code §§ 226.7 and 1198)**

**(By Plaintiff and the Class against all Defendants)**

61. Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

62. At all relevant times during the applicable limitations period, Plaintiff and the Class Members have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 226.7, 1198, and the Wage Order.

63. Labor Code § 1198 states,

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Bl Ste 312
Encino CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

12

*Tincher v. Hurley International, LLC, et al.*                    Class Action Complaint

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

64.    In relevant part, Section 12 of the Wage Order states:

Rest Periods:

(A)    Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate often (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B)    If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

65.    "[I]n the context of an eight-hour shift, '[a]s a general matter,' one rest break should fall on either side of the meal break. *(Ibid.)*" *Brinker Rest. Corp. v. Superior Court* (2012) 53 Cal. 4th 1004, 1032, 273 P.3d 513, 531.

66.    In addition, Labor Code Section 226.7 states

(b)    An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c)    If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

67. Pursuant to the Wage Order, Plaintiff and the Class Members were entitled to be provided with net rest breaks of at least ten minutes for each four-hour period of work, or major fraction thereof.

68. Defendants failed to provide Plaintiff with all required rest breaks in accordance with the Wage Order. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants had a policy, practice, or a lack of a policy which resulted in Defendants not providing the Class Members with all rest breaks required by California law.

69. Defendants failed to pay Plaintiff the additional wages required by California Labor Code § 226.7 for all rest breaks not provided to her. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the Class Members with additional wages for all rest breaks not provided to them as required by California Labor Code § 226.7.

70. As a result of Defendants' unlawful conduct, Plaintiff and the Class Members have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all rest breaks not provided to them.

71. By reason of the above, Plaintiff and the Class Members are entitled to premium wages for workdays in which one or more rest breaks were not provided to them pursuant to California Labor Code § 226.7.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**(Lab. Code §§ 226.7, 512, and 1198)**

**(By Plaintiff and the Class against all Defendants)**

72. Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

73. At all relevant times during the applicable limitations period, Plaintiff and the Class Members have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 226.7, 512 and 1198, and the Wage Order.

74. Labor Code § 1198 states:

The maximum hours of work and the standard conditions of labor fixed by

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Bl. Ste 312
Encino CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

14

*Tincher v. Hurley International, LLC, et al.*            Class Action Complaint

the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

75. In relevant part, Labor Code Section 512 states

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

76. In relevant part, Section 11 of the Wage Order states:

Meal Periods:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D) If an employer fails to provide an employee a meal period



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Bl. Ste 312
Encino CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

15

*Tincher v. Hurley International, LLC, et al.*                    Class Action Complaint

in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

77.     Pursuant to California Labor Code § 512 and the Wage Order, Plaintiff and the Class Members were entitled to be provided with uninterrupted meal periods of at least 30 minutes for each day they worked five or more hours. Pursuant to California Labor Code § 512, they were also entitled to a second 30-minute meal period when they worked more than 10 hours in a workday.

78.     During the relevant time period, Defendants failed to provide Plaintiff with all required meal periods in accordance with California Labor Code § 512 and the Wage Order, including, but not limited to, a second 30-minute uninterrupted meal periods on workdays the employee worked more than ten hours in a workday.

79.     Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the Class Members with all meal periods required by California Labor Code § 512 and the Wage Order, including, but not limited to, a second 30-minute uninterrupted meal period on workdays they worked more than ten hours in a workday.

80.     Defendants failed to pay Plaintiff the additional wages required by California Labor Code § 226.7 for all meal periods not provided to her. Plaintiff is informed and believes and thereon alleges that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the Class Members with additional wages for all meal periods not provided to them as required by California Labor Code § 226.7.

81.     As a result of Defendants' unlawful conduct, Plaintiff and the Class Members have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all meal periods not provided to them.

82.     By reason of the above, Plaintiff and the Class Members are entitled to premium wages for workdays in which one or more meal periods were not provided to them pursuant to California Labor Code § 226.7.

///

///



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Bl. Ste 312
Encino CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

16

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE, WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

#### (By Plaintiff and the Class Members against all Defendants)

83.     Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

84.     At all relevant times during the applicable limitations period, Plaintiff and the Class Members have been employees of Defendants and entitled to the benefits and protections of California Labor Code § 226.

85.     Pursuant to California Labor Code § 226(a), Plaintiff and the Class Members were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized statement showing among other things: a) gross wages earned; b) total hours worked; c) net wages earned; d) all deductions; e) the inclusive dates of the period for which the employee is paid; e) the name of the employee and only the last four digits of his or her social security number or an employee identification number; f) the name and address of the legal entity that is the employer; g) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

86.     Pursuant to California Labor Code § 226(e), an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

87.     Pursuant to California Labor Code § 226(e), an employee is deemed to suffer injury if the employer fails to provide a wage statement. Also, an employee is deemed to suffer injury if the employer fails to provide accurate and complete information as required by California Labor Code § 226(a) and the employee cannot "promptly and easily determine" from the wage statement alone one or more of the following:

A.     The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to California Labor Code § 226(a);



**SPIVAK LAW**

Employee Rights Attorneys
16530 Ventura Bl Ste 312
Encino CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

17

B. Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period;

C. The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682 of the California Labor Code, the name and address of the legal entity that secured the services of the employer during the pay period; and

D. The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

88. "Promptly and easily determine," as stated in California Labor Code § 226(e), means a reasonable person would be able to readily ascertain the information without reference to other documents or information.

89. As alleged herein, Defendants failed to provide Plaintiff and the Class Members all wages owed, including but not limited to, minimum and overtime wages and all premium wages for unprovided rest and/or meal periods. As a result, Defendants have failed to properly and accurately itemize each employee's gross wages earned, net wages earned, the total hours worked, the corresponding number of hours worked by employees and other requirements of California Labor Code § 226. As a result, Defendants have violated California Labor Code § 226.

90. Defendants' failure to provide Plaintiff and the Class Members with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the Class Members with accurate wage statements but intentionally provided wage statements that Defendants knew were not accurate.

91. As a result of being provided with inaccurate wage statements by Defendants, Plaintiff and the Class Members have suffered injury. Their legal rights to receive accurate wage statements were violated and they were misled about the amount of wages they had actually earned and were owed. In addition, the absence of accurate information on their wage statements prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amounts of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records and/or has led to the submission of inaccurate information about wages to state and federal government agencies. Further, Plaintiff and the Class Members were not able to ascertain from the wage statements whether Defendants complied with their obligations under California Labor Code § 226(a).

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Bl. Ste 312
Encino CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

18

*Tincher v. Hurley International, LLC, et al.*                    Class Action Complaint

92.     Pursuant to California Labor Code § 226(e), Plaintiff and the Class Members are entitled to recover the greater of actual damages, or penalties of fifty dollars ($50) for the initial pay period in which a violation of California Labor Code § 226(a) occurred and one hundred dollars for each violation of California Labor Code § 226(a) in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) per class member, and are also entitled to an award of costs and reasonable attorneys' fees.

### FIFTH CAUSE OF ACTION
### FAILURE TO TIMELY PAY WAGES UPON TERMINATION
### (WAITING TIME PENALTIES)
### (Lab. Code §§ 201-203)
### (By Plaintiffs and the Class against all Defendants)

93.     Plaintiff incorporates all paragraphs of the Complaint as if fully alleged herein.

94.     At all relevant times during the applicable limitations period, Plaintiff and the Class have been non-exempt employees of Defendants and entitled to the benefits and protections of California Labor Code sections 201 to 203 and the Wage Order.

95.     Labor Code section 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge.

96.     Labor Code section 202 provides that all earned and unpaid wages of an employee who quits after providing at least 72-hours notice before quitting are due and payable at the time of quitting and that all earned and unpaid wages of an employee who quits without providing at least 72-hours notice before quitting are due and payable within 72 hours.

97.     By failing to pay all earned minimum, regular, overtime, and premium wages to Plaintiffs and the Class Members as described above, Defendants failed to timely pay Plaintiff and the Class Members all earned and unpaid wages in violation of Labor Code section 201 or 202.

98.     Plaintiff is informed and believes that Defendants' failures to timely pay all final wages to her and the Class Members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

99.     Labor Code section 203 provides that the wages of an employee continue on a daily basis as a penalty for up to 30 days where an employer willfully fails to timely pay earned

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Bl. Ste 312
Encino CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

19

*Tincher v. Hurley International, LLC, et al.*                          Class Action Complaint

and unpaid wages to the employee in accordance with Labor Code section 201 or 202.

100.   Plaintiff is informed and believe that Defendants' failures to timely pay Plaintiff and the Class all of their earned and unpaid wages have been willful in that, at all relevant times, Defendants have deliberately maintained policies and practices that violate the requirements of the Labor Code and the Wage Order even though, at all relevant times, they have had the ability to comply with those legal requirements.

101.   Pursuant to Labor Code section 203, Plaintiff seeks waiting time penalties on behalf of herself and the Class Members, in amounts subject to proof not to exceed 30 days of waiting time penalties for each Class Member.

<u>SIXTH CAUSE OF ACTION</u>

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200, *et seq.*)**

**(By Plaintiff and the Class against all Defendants)**

102.   Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

103.   At all relevant times during the applicable limitations period, Plaintiff and the Class Members have been employees of Defendants and entitled to the benefits and protections of the Business and Professions Code §§ 17200, *et seq.*

104.   The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of California Business & Professions Code §§ 17200, *et seq.* Due to their unfair and unlawful business practices alleged herein, Defendants have unfairly gained a competitive advantage over other comparable companies doing business in California that comply with their legal obligations to compensate employees for all earned wages.

105.   As a result of Defendants' unfair competition as alleged herein, Plaintiff and the Class Members have suffered injuries in fact and lost money or property. Plaintiff and the Class Members were deprived of wages for all hours worked and premium wages for all rest and meal periods not provided to them.

106.   Pursuant to California Business & Professions Code § 17203, Plaintiff and the Class Members are entitled to restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of their unlawful and unfair business practices.

107.   Plaintiff and the Class Members are entitled to reasonable attorneys' fees in

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura BL Ste 312
Encino CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

20

*Tincher v. Hurley International, LLC, et al.*                                        Class Action Complaint

connection with their unfair competition claims pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## SEVENTH CAUSE OF ACTION

### CIVIL PENALTIES

#### (Lab. Code §§ 2698, *et seq.*)

**(By Plaintiff, on behalf of herself and the other Aggrieved Employees, and the Public against Defendant Hurley, LLC and Doe Defendants)**

108. Plaintiff incorporates the preceding paragraphs of the Complaint as if alleged fully herein.

109. Plaintiff is an "aggrieved employee" within the meaning of California Labor Code §2699(c), and is a proper representative to bring a civil action on behalf of herself and other current and former employees of Defendants pursuant to the procedures specified in California Labor Code § 2699.3, because Plaintiff is or was employed by Defendants and the alleged violations of the California Labor Code were and continue to be committed by Defendants.

110. Labor Code § 204 states:

(a) All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. ...

(b) (1) Notwithstanding any other provision of this section, all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

(2) An employer is in compliance with the requirements of subdivision (a) of Section 226 relating to total hours worked by the employee, if hours worked in excess of the normal work period during the current pay period are itemized as corrections on the paystub for the next regular pay period. Any corrections set out in a subsequently issued paystub shall state the inclusive dates of the pay period for which the employer is correcting its initial report of hours worked.



SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Bl. Ste 312
Encino CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

21

(c)    However, when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees.

(d)    The requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period.

111.    Defendants paid wages to employees on regular intervals. Defendants failed to pay Plaintiff on such intervals for all wages earned and all hours worked. On information and belief, Plaintiff alleges that Defendants also failed to pay the aggrieved employees on such intervals for all wages earned and all hours worked.

112.    During the applicable time period, Defendants violated California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1174.5, 1194, 1197, and 1198.

113.    California Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of themselves and other current or former employees, to bring a civil action to recover civil penalties pursuant to the procedures specified in California Labor Code § 2699.3.

A.    For violations of California Labor Code § 204, one hundred dollars ($100.00) for each aggrieved employee for each initial violation and two hundred dollars ($200.00) for each aggrieved employee plus twenty-five percent (25%) of the amount unlawfully withheld from each aggrieved employee for each subsequent, willful or intentional violation (penalty amounts established by California Labor Code § 210).

B.    For violations of California Labor Code §§ 512 and 510, fifty dollars ($50.00) for each aggrieved employee for initial violation and one hundred dollars ($100.00) for each aggrieved employee for each subsequent violation, per pay period in addition to an amount sufficient to recover underpaid wages (penalty amounts established by California Labor Code § 558).

C.    For violations of California Labor Code § 1174, five hundred dollars ($500.00) for each aggrieved employee for each violation (penalty amounts established by California Labor Code § 1174.5).

D.    For violations of California Labor Code § 1197, one hundred dollars ($100.00) for each aggrieved employee for each initial and intentional violation and two hundred

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Bl. Ste 312
Encino CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

22

*Tincher v. Hurley International, LLC, et al.*    **Class Action Complaint**

fifty dollars ($250.00) for each aggrieved employee for each subsequent violation, per pay period (regardless of whether the initial violations were intentionally committed), in addition to an amount sufficient to recover unpaid wages (penalty amounts established by California Labor Code § 1197.1).

F.    For violations of California Labor Code §§ 201, 202, 203, 226.7, 1194, and 1198, one hundred dollars ($100.00) for each aggrieved employee per pay period for each initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation (penalty amounts established by California Labor Code § 2699(f)(2)).

G.    For violations of Labor Code § 226(a), two hundred fifty dollars ($250.00) for each aggrieved employee for each initial violation of California Labor Code § 226(a), and one thousand dollars ($1,000) for each aggrieved employee for each subsequent violation (penalties set by California Labor Code§ 226.3).

114.    Plaintiff has complied with the procedures for bringing suit specified in California Labor Code § 2699.3. By letter dated December 20, 2018, Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. A true and correct copy of Plaintiff's letter to the LWDA dated December 20, 2018 is attached hereto as Exhibit A. The LWDA has not responded to Plaintiff's letter.

115.    Therefore, Plaintiff has complied with all of the requirements set forth in California Labor Code § 2699.3 to pursue a representative action under PAGA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against Defendants as follows:

A.    An order that the action be certified as a class action;

B.    An order that Plaintiff be appointed class representative;

C.    An order that counsel for Plaintiff be appointed class counsel;

D.    Unpaid Wages;

E.    Actual damages;

F.    Statutory damages;

G.    Statutory penalties;

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura Bl. Ste 312
Encino CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

23

H.    Civil penalties;

I.    Liquidated damages;

J.    Restitution;

K.    Declaratory and injunctive relief;

L.    Equitable relief;

M.    Pre-judgment interest;

N.    Costs of suit;

O.    Interest

P.    Reasonable attorneys' fees; and

Q.    Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial on all issues so triable.

Respectfully submitted,

THE SPIVAK LAW FIRM

Dated: March 12, 2019

By_____

DAVID SPIVAK
CAROLINE TAHMASSIAN
Attorneys for Plaintiff, JENA N. TINCHER, and all others similarly situated

SPIVAK LAW

Employee Rights Attorneys
16530 Ventura BL Ste 312
Encino CA 91436
(818) 582-3086 Tel
(818) 582-2561 Fax
SpivakLaw.com

24

*Tincher v. Hurley International, LLC, et al.*                    Class Action Complaint

# EXHIBIT A



# SPIVAK LAW

## *SENT BY ELECTRONIC SUBMISSION AND CERTIFIED MAIL*

December 20, 2018

Attn: PAGA Administrator
Labor and Workforce Development Agency
Attn: PAGA Administrator
http://dir.tflaforms.net
*Via Electronic Submission*

RE:   *Jena N. Tincher / Hurley International LLC*

To Whom It May Concern:

Pursuant to the California Labor Code Private Attorneys General Act of 2004 (Lab. Code §§ 2698, *et seq.*), Jenna N. Tincher (hereafter "Tincher") provides notice on behalf of herself and of all individuals currently and formerly employed in California as hourly non-exempt retail store employees at all Hurley retail stores (hereafter referred to collectively as "Aggrieved Employees") by Hurley International LLC, an Oregon limited liability company (hereafter "Hurley") of violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1174.5, 1194, 1197, and 1198.

At all relevant times, Hurley has employed persons, conducted business in and engaged in illegal payroll practices and policies throughout California. Tincher and the Aggrieved Employees are "employees" within the meaning of Industrial Welfare Commission Order No. 7-2001 (hereafter "the Wage Order" or "Wage Order 7"), paragraph 2.E, and "Aggrieved Employees" within the meaning of California Labor Code § 2699(c).

16530 VENTURA BLVD., STE 312
ENCINO, CA 91436

TEL (818) 582-3086
FAX (818) 582-2561

SPIVAKLAW.COM

*LWDA / Hurley*
*12/20/2018*
*Page 2 of 17*

## Statement of Facts

Hurley employed Tincher as a sales lead at its Cabazon, California retail store from approximately July 2014 to August 2, 2018. At all relevant times, Hurley paid Tincher and the Aggrieved Employees on a bi-weekly basis and at an hourly rate of pay. Therefore, Tincher and the Aggrieved Employees were entitled to the protections of the Labor Code and the Wage Order.

At all relevant times, Hurley failed to provide Tincher and the Aggrieved Employees adequate rest periods and compensation for missed rest periods in violation of California Labor Code §§ 226.7 and Wage Order No. 7. Because of understaffing, Hurley failed to provide duty-free rest periods to Tincher and the other Aggrieved Employees during most of their workdays. Joan Alvarez, Manager, at the Hurley retail store in Cabazon, California, told Tincher and other Aggrieved Employees that Hurley could withhold rest breaks from employees. Hurley also failed to provide Aggrieved Employees at other Hurley locations with duty-free rest periods.

At all relevant times, Hurley failed to consistently provide Tincher and the Aggrieved Employees a timely, 30-minute, uninterrupted, off-duty meal period. Tincher and the other Aggrieved Employees have had many workdays over five and ten hours long. Despite this, Hurley has failed to provide Tincher and the other Aggrieved Employees all rest and/or meal periods, including, but not limited to, two uninterrupted, unrestricted 30-minute meal periods on workdays of over ten hours to begin before they worked in excess of five and ten hours, respectively. Hurley also failed to provide Tincher and the other Aggrieved Employees with a third rest period when they worked in excess of ten hours in a workday. Hurley compelled Tincher and the Aggrieved Employees to work during their meal periods without pay. For example, Tincher and the Aggrieved Employees often had to take care of returns during their meal periods. Managers failed to permit Tincher and the Aggrieved Employees to leave the store during periods they were clocked out for meal periods.

*LWDA / Hurley*
*12/20/2018*
*Page 3 of 17*

Tincher and the Aggrieved Employees incurred uncompensated regular time and overtime when Hurley failed to provide them with an uninterrupted 30-minute meal period and they worked through periods clocked out. At all relevant times, Hurley failed to pay all overtime compensation to Tincher and the Aggrieved Employees for hours worked in excess of eight hours per day. Hurley also failed to pay all overtime compensation to Tincher and the other Aggrieved Employees for hours worked in excess of 40 hours per week.

Further, Hurley failed to compensate Tincher and the other Aggrieved Employees for all hours worked on days it modified their time records to falsely state that meal periods took place in compliance with California law. As a result, Hurley has failed to properly itemize Tincher and the Aggrieved Employees' gross and net wages earned, total hours worked, hourly rate of pay, and corresponding number of hours worked at each hourly rate.

At all relevant times, upon resignation or termination, Hurley failed to pay final wages in a timely manner. Hurley willfully failed and refused to pay timely compensation and wages, for among other things, unpaid overtime, unpaid premium wages, and unpaid meal periods.

For the reasons herein, Tincher charges Hurley with the following violations of the California Labor Code and the Wage Order on behalf of herself and the Aggrieved Employees:

a) Hurley failed to provide Tincher and the other Aggrieved Employees with all rest breaks and meal periods;

b) Hurley failed to compensate Tincher and the other Aggrieved Employees at one hour's pay for each day in which they were not provided one or more meal periods required by law;

c) Hurley failed to compensate Tincher and the other Aggrieved Employees at one hour's pay for each day in which they were not provided one or more rest breaks required by law;

*LWDA / Hurley*
*12/20/2018*
*Page 4 of 17*

d) Hurley failed to compensate Tincher and the other Aggrieved Employees for all hours worked at the correct rates of pay, including, but not limited to, minimum, regular and overtime wages;

e) Hurley failed to provide Tincher and the other Aggrieved Employees with accurate wage statements; and

f) Hurley willfully failed to timely pay Tincher and the other Aggrieved Employees all earned and unpaid wages during their employment at Hurley and at the time such employment ended.

Accordingly, Tincher now seeks civil penalties on behalf of herself and the other Aggrieved Employees based on Hurley's alleged violations of the California Labor Code and the Wage Order.

## The Wage Order

"Wage Order 7" or "The Wage Order" applies to "all persons employed in the mercantile industry whether paid on a time, piece rate, commission, or other basis." Wage Order 7, § 1. The Wage Order defines "Mercantile Industry" to include "any industry, business, or establishment operated for the purpose of purchasing, selling, or distributing goods or commodities at wholesale or retail..." (*Id. § 2(H)*.). At all relevant times during the applicable limitations period, Hurley employed Tincher and the Aggrieved Employees as hourly sales associates, sales leads or other comparable positions to sell and/or make arrangements to sell goods. Accordingly, Tincher and the other Aggrieved Employees are entitled to the protections provided under the Wage Order.

### Failure To Provide Rest Breaks And Meal Periods
### (Lab. Code §§ 226.7, 512, and 1198)

In relevant part, California Labor Code § 1198 states:

*LWDA / Hurley*
*12/20/2018*
*Page 5 of 17*

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

In relevant part, California Labor Code § 512 states:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.

> An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

In relevant part, Section 11 of the Wage Order states:

> Meal Periods:

> (A)    No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

*LWDA / Hurley*
*12/20/2018*
*Page 6 of 17*

> (B)     An employer may not employ an employee for a work
>           period of more than ten (10) hours per day without
>           providing the employee with a second meal period of not
>           less than 30 minutes, except that if the total hours worked
>           is no more than 12 hours, the second meal period may be
>           waived by mutual consent of the employer and the
>           employee only if the first meal period was not waived.
>
> (C)     Unless the employee is relieved of all duty during a 30
>           minute meal period, the meal period shall be considered an
>           "on duty" meal period and counted as time worked. An
>           "on duty" meal period shall be permitted only when the
>           nature of the work prevents an employee from being
>           relieved of all duty and when by written agreement between
>           the parties an on-the-job paid meal period is agreed to. The
>           written agreement shall state that the employee may, in
>           writing, revoke the agreement at any time.
>
> (D)     If an employer fails to provide an employee a meal period
>           in accordance with the applicable provisions of this order,
>           the employer shall pay the employee one (1) hour of pay at
>           the employee's regular rate of compensation for each
>           workday that the meal period is not provided.

In relevant part, Section 12 of the Wage Order states:

Rest Periods:

> A) Every employer shall authorize and permit all employees to
>     take rest periods, which insofar as practicable shall be in the
>     middle of each work period. The authorized rest period time
>     shall be based on the total hours worked daily at the rate of ten
>     (10) minutes net rest time per four (4) hours or major fraction
>     thereof. However, a rest period need not be authorized for
>     employees whose total daily work time is less than three and

*LWDA / Hurley*
*12/20/2018*
*Page 7 of 17*

one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

California Labor Code § 226.7 states:

(b)     An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c)     If an employer fails to provide an employee a meal period or rest or recovery period in accordance with a state law, including but not limited to an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest or recovery period is not provided.

Hurley has intentionally and improperly failed to provide all duty-free rest breaks and/or meal periods free from any work or duties to Tincher and the other Aggrieved Employees as required by law, including but not limited to, second meal periods and third rest periods on days they work directly or are on call for more than ten hours in a workday. Hurley did not pay premium wages

*LWDA / Hurley*
*12/20/2018*
*Page 8 of 17*

to Tincher and Aggrieved Employees on days it did not provide them with one or more timely meal and rest periods as required by law. In failing to do so, Hurley violated the provisions of California Labor Code §§ 226.7, 512, and 1198.

Accordingly, Tincher seeks civil penalties on behalf of herself and the other Aggrieved Employees as follows:

1.    $100 for each aggrieved employee for each initial violation of California Labor Code § 226.7, and $200 for each aggrieved employee for each subsequent violation, per pay period (penalties set by California Labor Code § 2699(f)(2));

2.    $50 for each aggrieved employee for each initial violation of California Labor Code § 512, and $100 for each aggrieved employee for each subsequent violation, per pay period in addition to an amount sufficient to recover underpaid wages (penalties set by California Labor Code § 558); and

3.    $100 for each aggrieved employee for each initial violation of California Labor Code § 1198, and $200 for each aggrieved employee for each subsequent violation, per pay period (penalties set by California Labor Code § 2699(f) (2)).

### Failure To Pay All Wages Earned For All Hours Worked
### (Lab. Code §§ 510, 1194, 1197, and 1198)

Under Labor Code § 1197, "The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity."

*LWDA / Hurley*
*12/20/2018*
*Page 9 of 17*

Section 4(B) of Wage Order states:

> "Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise."

In relevant part, Section 2(G) of the Wage Order states:

> "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

In relevant part, California Labor Code § 1194 states,

> (a) Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Labor Code § 1198 makes it unlawful for an employer to employ an employee under conditions that violate the Wage Order.

In relevant part, Section 3 of the Wage Order states,

> (A) Daily Overtime - General Provisions
>
> > (1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be

*LWDA / Hurley*
*12/20/2018*
*Page 10 of 17*

employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek.

In relevant part, California Labor Code § 510 states:

Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

At all relevant times during the applicable limitations period, Hurley knowingly failed to compensate Tincher and the other Aggrieved Employees for all hours worked, including, but not limited to overtime wages for all hours in excess of 40 in a week, all in excess of eight in a day and all for the 7th day worked in a workweek. Tincher and the other Aggrieved Employees incurred uncompensated time at minimum wage or overtime wage rates when Hurley

*LWDA / Hurley*
*12/20/2018*
*Page 11 of 17*

permitted them to work without pay during periods clocked out for meals.

Accordingly, Tincher seeks civil penalties on behalf of herself and the other Aggrieved Employees as follows:

1.   $50 for each aggrieved employee for each initial violation of California Labor Code § 510, and $100 for each aggrieved employee for each subsequent violation, per pay period in addition to an amount sufficient to recover underpaid wages (penalties set by California Labor Code § 558);

2.   $100 for each aggrieved employee for each initial violation of California Labor Code § 1198, and $200 for each aggrieved employee for each subsequent violation, per pay period (penalties set by California Labor Code § 2699(f)(2));

3.   $100 for each aggrieved employee for each initial violation of California Labor Code § 1194, and $200 for each aggrieved employee for each subsequent violation, per pay period (penalties set by California Labor Code § 2699(f)(2)); and

4.   $100 for each aggrieved employee for each initial and intentional violation of California Labor Code § 1197, and $250 for each underpaid employee for each subsequent violation, per pay period (regardless of whether the initial violations were intentionally committed), in addition to an amount sufficient to recover unpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203, including "waiting time" penalties of up to thirty (30) days' wages, with interest thereon, and reasonable attorney's fees and costs (penalties set by California Labor Code § 1197.1).

///
///
///

*LWDA / Hurley*
*12/20/2018*
*Page 12 of 17*

## Failure To Provide Accurate Wage Statements
### (Lab. Code § 226)

California Labor Code § 226 requires employers to furnish employees with accurate itemized written wage statements showing:

1) gross wages earned,
2) total hours worked by the employee,
3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
5) net wages earned,
6) the inclusive dates of the period for which the employee is paid,
7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number,
8) the name and address of the legal entity that is the employer, and
9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

As alleged herein, Hurley failed to provide Tincher and the other Aggrieved Employees all wages owed, including, but not limited to, all overtime wages at the legal rates of pay for all overtime hours worked. As a result, Hurley failed to properly itemize each employee's gross wages earned, net wages earned, and other requirements of California Labor Code § 226. As a result, Hurley has violated California Labor Code § 226.

Accordingly, Tincher seeks civil penalties on behalf of herself and the other Aggrieved Employees as follows: $250 for each Aggrieved Employee for each initial violation of California Labor Code § 226(a), and $1,000 for each Aggrieved Employee for each subsequent violation (penalties set by California Labor Code § 226.3).

*LWDA / Hurley*
*12/20/2018*
*Page 13 of 17*

## Failure to Timely Pay Wages During Employment
### (Lab. Code § 204)

California Labor Code §204 states that all wages (other than those mentioned in Labor Code sections 201-202) earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. In addition, all wages for work performed in excess of the normal work period must be paid by no later than the following regular payday.

As alleged herein, Hurley failed to provide Tincher and the other Aggrieved Employees all wages owed, including, but not limited to, all overtime wages at the legal rates of pay for all overtime hours worked. As a result, Hurley failed to pay Tincher and the other Aggrieved Employees all wages within the time periods set by California Labor Code § 204. As a result, Hurley has violated California Labor Code § 204. Because of Hurley's failures to fully pay Tincher and the other Aggrieved Employees within the time periods set by California Labor Code § 204, Hurley failed to timely pay all wages due during employment.

Accordingly, Tincher seeks civil penalties on behalf of herself and Aggrieved Employees as follows: $100 for each Aggrieved Employee for each initial violation of California Labor Code § 204 and $200 for each Aggrieved Employee, plus 25% of the amount unlawfully withheld from each Aggrieved Employee, for each subsequent violation (penalties set by Labor Code § 210).

## Failure to Timely Pay Wages Upon Termination
### (Lab. Code §§ 201-203)

Under Labor Code § 201, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

*LWDA / Hurley*
*12/20/2018*
*Page 14 of 17*

Under § 202, if an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. *Id.* The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting. *Id.*

Under Labor Code § 203, if an employer willfully fails to pay, without abatement or reduction, in accordance with §§ 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

By failing to pay wages to Tincher and the other Aggrieved Employees as set forth above, at the time of termination of employment, Hurley is liable for violations of Labor Code §§ 201, 202, and 203. Accordingly, on behalf of herself and the other Aggrieved Employees, Tincher seeks civil penalties from Hurley as follows:

1.  For violations of Labor Code § 201, $100 per aggrieved employee for each of the pay periods in which initial violations of § 201 occurred, and $200 per aggrieved employee per pay period in which subsequent violations of § 201 occurred (penalties set by Labor Code § 2699(f)(2));

2.  For violations of Labor Code § 202, $100 per aggrieved employee for each of the pay periods in which initial violations of § 202 occurred, and $200 per Aggrieved Employee per pay period in which subsequent violations of § 202 occurred (penalties set by Labor Code § 2699(f)(2)); and

*LWDA / Hurley*
*12/20/2018*
*Page 15 of 17*

3.    For violations of Labor Code § 203, $100 per aggrieved employee for each of the pay periods in which initial violations of § 203 occurred, and $200 per Aggrieved Employee per pay period in which subsequent violations of § 203 occurred (penalties set by Labor Code § 2699(f) (2)).

## Failure to Maintain Accurate Employment Records
### (Lab. Code §§ 1174, 1174.5, 1198)

Labor Code § 1174, which also pertains to recordkeeping, states:

> Every person employing labor in this state shall:
> ...
>
> (c)    Keep a record showing the names and addresses of all employees employed and the ages of all minors.
>
> (d)    Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

Section 7 of Wage Order states,

> (A)    Every employer shall keep accurate information with respect to each employee including the following:

*LWDA / Hurley*
*12/20/2018*
*Page 16 of 17*

(1)   Full name, home address, occupation and social security number.

(2)   Birth date, if under 18 years, and designation as a minor.

(3)   Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

(4)   Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.

(5)   Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request.

(6)   When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.

Labor Code § 1198 prohibits employers from employing their employees under conditions prohibited by the Wage Order.

Hurley has willfully failed to maintain the records required by § 1174 and the Wage Order, including but not limited to, the total premium wages earned for missed meal and rest periods, overtime records, and records pertaining to unpaid hours worked. Accordingly, Tincher seeks civil penalties from Hurley on behalf of herself and the other Aggrieved Employee as follows:

1.   $500 for each aggrieved employee for each violation of California Labor Code § 1174 (penalties set by Labor Code § 1174.5); and

*LWDA / Hurley*
*12/20/2018*
*Page 17 of 17*

2.    $100 for each aggrieved employee for each initial violation of California Labor Code § 1198, and $200 for each aggrieved employee for each subsequent violation, per pay period (penalties set by California Labor Code § 2699(f) (2)).

## Conclusion

As noted above, this letter constitutes the required notice under the California Labor Code Private Attorneys General Act of 2004. Please be advised that I will seek both reasonable attorneys' fees and costs under Labor Code § 2699, subdivision (g) (1) in a civil action should the LWDA decline to pursue this matter. This letter also serves as a formal notice under the catalyst theory and Code of Civil Procedure section 1021.5 to resolve this matter before litigation.

Sincerely,

David Spivak, Esq.
david@spivaklaw.com

cc:    Jena N. Tincher
       Walter Haines, Esq.

       Hurley International LLC
       c/o United Agent Group Inc.
       Agent for Service of Process
       4640 Admiralty Way, 5th Floor
       Marina del Rey, CA 90292