1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENA N. TINCHER, on behalf of herself, and all others similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved employees" under the Labor Code Private Attorneys General Act of 2004 | Case No. CV 19-4104-JW-JCx |
| | *[Assigned to Hon. George H. Wu]* |
| Plaintiff(s), | **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| v. | [Los Angeles County Superior Court; Case No. 19STCV08627] |
| HURLEY INTERNATIONAL, LLC, an Oregon limited liability company; NIKE, INC., an Oregon corporation; and DOES 1 through 50, inclusive, | Complaint Filed: March 14, 2019 FAC Filed:          August 20, 2019 |
| Defendants. | |

Plaintiff Jena N. Tincher ("Plaintiff") filed a Motion for Preliminary Approval of Class Action Settlement seeking preliminary approval of the class action settlement terms (the "Settlement") set forth in the Plaintiff and Defendants Hurley International, LLC and Nike, Inc.'s ("Defendants") (collectively, the "Parties") concurrently filed Joint Stipulation of Class Action Settlement and Release of Claims (the "Agreement").  That matter came on for hearing before this Court in Courtroom 9D on February 10, 2020.

Plaintiff appeared and argued through her counsel, David G. Spivak of The Spivak Law Firm.  Defendants appeared and argued through their counsel, Jon D. Meer and Michael Afar of Seyfarth Shaw LLP.

The Honorable George H. Wu presided at the hearing.

The Court, having considered all papers filed and oral argument offered on behalf of the parties during the proceedings and otherwise being fully informed of the terms of the Settlement, **HEREBY ORDERS AS FOLLOWS**:

## I.   THE SETTLEMENT HAS BEEN   THOROUGHLY EVALUATED AND DETERMINED TO BE FAIR AND ADEQUATELY SUPPORTED

1.   The Parties have adequately and thoroughly investigated the facts relating to the claims alleged in this matter and have made a thorough study of the legal principles applicable to the claims asserted against Defendants.  Based on the factual and legal issues involved, the expense and time necessary to prosecute this matter through trial, the risks, uncertainty and costs of further prosecution, the difficulty of proof necessary to establish a class for purposes of liability, and the relative benefits to the Class of an expeditious resolution, the Parties have entered into the Settlement.

2.   Based on Class Counsel's experience in wage and hour law and class action litigation, Class Counsel is of the opinion that the terms set forth in the Settlement are fair, reasonable, adequate, and in the best interests of the Class Members.

3.   The Parties desire to fully, finally, and forever settle, compromise, and discharge any and all claims, rights, demands, charges, complaints, causes of action, obligations, or liability of any and every kind that were or could have been asserted in this

1

Action, to the extent that such claims arise out of the alleged facts, circumstances, and occurrences underlying the allegations as set forth in the Complaint filed in this Action.

## II.   THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

4.   The Court **PRELIMINARILY APPROVES** the Settlement as fair, reasonable, and adequate, and to have been the product of serious, informed, and extensive arm's-length negotiations among the Parties.  In making this preliminary finding, the Court considers the nature of the claims, the relative strength of Plaintiff's claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial.

5.   The Court further preliminarily finds that the terms of the Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual class member.

## III.   SETTLEMENT CLASS CERTIFICATION

6.   The Court **PRELIMINARILY APPROVES** a proposed Class in this matter consisting of "all current and former non-exempt, hourly employees working at Hurley retail stores in California at any time between March 14, 2015 through the date of Preliminary Approval."  Further, the Settlement Class shall consist of all Class Members who do not file a timely and valid Request for Exclusion.

7.   The Class is preliminarily and conditionally certified solely for purposes of settlement.

8.   Plaintiff is preliminarily and conditionally appointed as the Class Representative solely for purposes of settlement.

9.   David G. Spivak of The Spivak Law Firm and Walter Haines of United Employees Law Group, are preliminarily and conditionally appointed as Class Counsel for purposes of settlement, and as such, are permitted and encouraged to communicate with any and all Class Members for the purpose of encouraging participation in the Settlement.

10.     With respect to the provisionally-certified Class for settlement purposes, if the Settlement does not become final for any reason, the fact that the Parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, and will not be admissible in connection with the issue of whether a class should be certified in this action in a non-settlement context.  The Court's findings are for purposes of conditionally certifying a Settlement Class and will not have any claim, issue, or evidentiary preclusion or estoppel effect in any other action against the Parties, or in this Action if the Settlement is not finally approved.

## IV.     MONETARY RELIEF TO BE PROVIDED TO THE SETTLEMENT CLASS

11.     Defendants have agreed to pay up to a maximum potential Gross Settlement Amount of $250,000.  The $250,000 Gross Settlement Amount is inclusive of all Individual Settlement Payments made to Class Members, all administration costs, all employee-side payroll taxes (Defendants will separately pay their employers' share of payroll taxes), the Class Representative Incentive Payment, the LWDA Payment, and attorneys' fees and costs.

12.     This Settlement shall be a non-reversionary Settlement. Each Class Member shall be entitled to an Individual Settlement Payment consisting of their share of the Net Settlement Amount, in accordance with the formula set forth below.

13.     The Court **PRELIMINARILY APPROVES** this monetary settlement.  The Court finds that this Settlement, with no reversion of unclaimed funds to the employer, to be fair, reasonable, and adequate under the circumstances.

## V.     CLAIM CALCULATIONS FOR SETTLEMENT PAYMENTS

14.     Provided that they do not submit a timely Request for Exclusion to opt out of the Settlement, each Class Member will be eligible to receive a portion of the Net Settlement Amount in accordance with the following formula:

> Each Class Member's potential share of the Net Settlement Amount will be calculated by dividing the number of Days Worked by the Class Member by all Days Worked during the Class Period by all Class Members, multiplied by the Net

3

Settlement Amount [*i.e.*, (individual Days Worked ÷ total Days Worked by Class Members) x Net Settlement Amount]

15.    Each Class Member's Individual Settlement Payment will be characterized as two-thirds (2/3) Form 1099 income and one-third (1/3) Form W-2 income, to reflect that 2/3 of the payment will account for penalties and interest, while 1/3 will account for unpaid wages.

16.    The settlement check will include language indicating that endorsing and cashing the check will constitute a release of claims under the California Labor Code, California Unfair Competition Law, PAGA, and the Fair Labor Standards Act, for any and all claims asserted or that could have been asserted based on the facts alleged in the Action. The language to be included will be substantially similar to the following:

> My signature or cashing of this check constitutes a full and complete release of Hurley International, LLC and Nike, Inc., and all of their current or former subsidiary or affiliated entities, and their current or former officers, directors, and employees, for any and all claims asserted or that could have been asserted based on the facts alleged in the lawsuit entitled *Tincher v. Hurley International, LLC, et al.* pending in the United States District Court, Central District of California, designated as Case No. 2:19-cv-04104-R-JC, including the claims brought under the California Labor Code, California Unfair Competition Law, PAGA, or the Fair Labor Standards Act, arising during my employment at any time between March 14, 2015 and the date of the Preliminary Approval Order of the Settlement of the lawsuit.

## VI.    RELEASE OF CLAIMS BY CLASS MEMBERS

17.    The monetary relief described herein is provisionally and conditionally approved as adequate and valuable consideration in support of the release of all known and unknown claims as set forth in the Agreement.

18.    Specifically, the Court **PRELIMINARILY APPROVES** the proposed release by Class Members, which provides that by operation of the entry of the Final Approval Order and judgment, and except as to such rights or claims as may be created by the Settlement, each Class Member, and each of their respective executors, administrators, representatives, agents, heirs, successors, assigns, trustees, spouses, or guardians, will release each of the Released Parties of and from any and all claims, rights, demands,

4

charges, complaints, causes of action, obligations, or liability of any and every kind between March 14, 2015 and the date of Preliminary Approval, for any and all claims asserted or that could have been asserted based on the facts alleged in the Action, including those for: (1) all claims for alleged failure to pay minimum, straight time, overtime, or double time wages, failure to pay wages for off-the-clock work, failure to pay wages for time spent in connection with bag checks, security checks, or exit inspections, and failure to pay other wages of any kind during employment either under the California Labor Code, the FLSA, or common law; (2) failure to provide meal periods or pay meal period premiums; (3) failure to authorize and permit rest periods or pay rest period premiums; (4) failure to pay final wages due at separation or upon termination; (5) failure to provide accurate and itemized wage statements; (6) claims brought under Business & Professions Code section 17200 *et seq.* including, but not limited to, all claims for unfair, unlawful and harmful conduct to class members, the general public and Defendants' competitors and claims of unlawfully gaining an unfair advantage over other businesses; (7) PAGA claims for civil penalties due to any Labor Code violations by Defendants arising out of or related to events alleged in the Complaint including, but not limited to, Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1174.5, 1194, 1197, 1197.1, and 1198; (8) any and all claims arising out of alleged violations of the California Labor Code, including sections 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1174.5, 1194, 1197, 1197.1, and 1198, and California Industrial Welfare Commission Wage Order No. 7-2001; (9) penalties of any nature; (10) interest; (11) liquidated damages; (12) attorneys' fees; (13) costs; and (14) any other claims arising out of or related to the Complaint filed in the Action through final approval of the Settlement.

## VII.  PROPOSED CLAIMS ADMINISTRATOR, CLASS NOTICE, AND PROCEDURES FOR OPTING OUT OR FILING A NOTICE OF OBJECTION

### A.  Appointment of Claims Administrator

19.  The Court **PRELIMINARILY APPROVES** and appoints CPT Group as the neutral third-party settlement administrator.

20.     Within 21 calendar days of the entry of a Preliminary Approval Order of this Agreement, Defendants shall provide to the Settlement Administrator with the following information: (1) name of each Class Member; (2) most current known address of each Class Member; (3) social security number of each Class Member; and (4) the dates of employment for each Class Member, in order to determine the total number of Days Worked by each Class Member during the Class Period.

21.     The settlement administrator shall keep the data provided by Defendants strictly confidential and shall use it only for the administration of the Settlement.  The settlement administrator shall return the data to Defendants or confirm its destruction upon completion of the settlement administrator's duties in administering the Settlement.

22.     By not later than 75 calendar days after the initial mailing of the Notice of Class Action Settlement and Request for Exclusion, the Settlement Administrator will prepare and submit a declaration attesting to (by number of relevant individuals), its mailing of Class Notice, its inability to deliver any mailing due to invalid addresses, and its receipt of valid Requests for Exclusion.  Five (5) calendar days prior to the Final Fairness Hearing, the Settlement Administrator will prepare a supplemental declaration to submit to the Court, to indicate the number of valid timely objections and opt out Requests for Exclusion.  In the event the settlement administrative costs exceed $14,000, the parties will jointly request an additional amount and seek Court approval.

23.     Class Counsel's motion for settlement administration costs shall be filed by August 27, 2020 (10 days after August 17, 2020, the deadline to opt out of or object to the Settlement), and shall be heard during the Final Fairness Hearing.

**B.     Approval of Notice of Class Action Settlement and Request for Exclusion Procedures**

24.     The Court **PRELIMINARILY APPROVES** the content and form of the proposed Notice Of Settlement Of Class Action, attached hereto as Exhibit A, as fair, reasonable, and adequate.

25.     The Court **PRELIMINARILY APPROVES** the content and form of the proposed Request for Exclusion, attached hereto as Exhibit B, as fair, reasonable, and adequate.

26.     The Court **PRELIMINARILY APPROVES** the mailing of Notice Of Settlement Of Class Action proposed by the Parties as fair, reasonable, and adequate.  The Settlement Administrator shall mail the Notice of Settlement Of Class Action and the Request for Exclusion, to Class Members within 14 calendar days of receiving the Class Member data from Defendants.

27.     The Settlement Administrator shall send the Notice of Class Action Settlement, and Request for Exclusion to Class Members via First Class U.S. Mail, using the most current, known mailing address for each Class Member based on information provided by Defendants.  Upon receipt of this information from Defendants, the Settlement Administrator shall perform a search based on the National Change of Address Database maintained by the United States Postal Service to update and correct any known or identifiable address changes.

28.     **Proof of Mailing**.  At least 5 calendar days prior to the Final Fairness Hearing, the Settlement Administrator shall provide a declaration of due diligence and proof of mailing with regard to mailing of the Notice of Class Action Settlement to Class Counsel and Defendants' Counsel, which they shall in turn provide to the Court.

C.      **Approval of Class Members' Options To Respond**

29.     The Court **PRELIMINARILY APPROVES** the Class Members' Options to Respond proposed by the Parties in the Joint Stipulation Of Class Action Settlement And Release Of Claims as fair, reasonable, and adequate.  Class Members shall be provided 60 calendar days to exercise any rights with regard to the Settlement, following the postmark date of the initial mailing of the Notice of Class Action Settlement and Request for Exclusion.  No Class Member responses of any kind that are postmarked more than 60 calendar days after the initial mailing of Class Notice shall be considered.

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

30.     The Court **PRELIMINARILY APPROVES** the method for Class Members to object or opt out as from the settlement proposed by the Parties in the Joint Stipulation Of Class Action Settlement And Release Of Claims and Notice of Settlement of Class Action as fair, reasonable, and adequate.

VIII. **AGREEMENTS REGARDING ENHANCEMENT PAYMENTS TO CLASS REPRESENTATIVE AND PAYMENT OF ATTORNEYS' FEES**

31.     Class Counsel intends to request—and Defendants have agreed not to oppose—that the Court approve a Class Representative Incentive Payment of up to $15,000 for the Class Representative for her additional participation in the action.

32.     Class Counsel intends to request—and Defendants have agreed not to oppose—that the Court approve an attorneys' fees and costs award for (a) attorneys' fees in an amount up to 33 1/3% of the Gross Settlement Amount (or $83,333) and (b) costs in the amount of up to $15,000, supported by adequate documentation by Class Counsel.

33.     Class Counsel's motion for approval of the enhancement payment to the Class Representative, attorneys' fees, and costs shall be filed by August 27, 2020 (10 days after August 17, 2020, the deadline to opt out of or object to the Settlement), and shall be heard during the Final Fairness Hearing.

IX.     **APPROVAL OF DEFENDANTS' RIGHTS TO WITHDRAW**

34.     Defendants have the right, at their sole option, to withdraw from the Settlement and Agreement if the number of Class Members opting out exceeds 3% of the total number of Class Members.

35.     These rights to withdraw are material terms of the Agreement and Defendants have the right, at their sole option, to withdraw from this Agreement if either of these material terms are not approved by the Court.

X.      **FINAL FAIRNESS HEARING**

36.     There shall be a Final Fairness Hearing to determine whether the Settlement will be finally approved as fair, reasonable, and adequate as to the Class Representative

8

and the Settlement Class.  The hearing will take place on September 24, 2020 at 8:30 a.m. in Courtroom 9D of this Court.

37.     Class Counsel and Defense Counsel shall submit a joint [Proposed] Order of Final Approval and Good Faith Determination of Settlement, a joint Motion for Final Approval, and any supporting papers no later than August 27, 2020 (10 days after August 17, 2020, the deadline to opt out of or object to the Settlement).

38.     If the Court makes a final determination that the Settlement is fair, reasonable, and adequate as to the Class Representative and Settlement Class, the Court will issue an Order of Final Approval and Good Faith Determination of Settlement.

**IT IS SO ORDERED.**

DATED:  May 13, 2020

_____
HON. GEORGE H. WU,
United States District Judge